## MELIZET *v.* MELIZET.

In libels for divorce, where the husband is plaintiff or defendant, on general principles he is obliged to pay the expenses incurred by his wife in prosecuting or defending a divorce.

*March 5.* THIS was a libel for a divorce brought by the wife against her husband, asking for a separation from bed and board, and alimony, on account of cruel and barbarous treatment. The cause was tried before a jury, and a verdict rendered in favour of the libellant. After there had been a decree rendered by the Court on the verdict, fixing the amount of alimony, *J. Murray Rush,* Esq., counsel for the libellant, moved the Court for a decree for the payment of $300 against the respondent, for expenses incurred by the libellant in prosecuting her libel and suit against her husband.

The cause was argued by Mr. *Rush* in support of the motion, who contended that by the law of England and in this country, Courts having jurisdiction of such causes always allow the wife a

reasonable sum for her expenses in prosecuting or in defending a divorce, and cited Monroy *v.* Monroy, 1 Edwards, 382; Wright *v.* Wright, 1 Ib. 62; Denton *v.* Denton, 1 Johns. Ch. Cases, 365; Mix *v.* Mix, 1 Johns. Ch. Cases, 110; Revised Stat. of New York, 2d vol. 73; Wood *v.* Wood, 8 Wend. 364; Wood *v.* Wood, 2 Paige Ch. Rep. 115; Lawrence *v.* Lawrence, 3 Paige, 267; Germond *v.* Germond, 4 Paige, 643; Yeo *v.* Yeo, 2 Dickens, 498; Wilson *v.* Wilson, 2 Consist. Rep. 204; D'Anguillar *v.* D'Anguillar, 1 Hagg. Ecc. Rep. 707; Soilleux *v.* Soilleux, 1 Ib. 378; Pointer on Marriage and Divorce, 264.

Mr. *Meredith,* for the respondent, contended that the statute in this state regulating divorce gave no such authority to the Court, and that under the law in Pennsylvania no such allowance could be made. That upon general principles he denied the right of the wife to demand such an allowance. That the authorities cited by the counsel for libellant had no application in this state.

KING, President, in delivering the opinion of the Court, said: On general principles, independent of the statute, I am convinced that the husband, plaintiff or defendant, is obliged to pay the expenses incurred by his wife in prosecuting or defending a divorce; and certainly he is so obliged, when, as here, she has established her claim to it. It is an incidental authority to the power given this Court to decree a divorce. Without it, in many cases, the wife being in poverty, must fail in a just suit instituted by her, or be defeated in an unjust one prosecuted by her husband against her. If the defendant thinks we have assumed too much authority, he may seek for relief by an appeal. But, until the Supreme Court holds otherwise, we will assert an authority so humane and conscientious.

A decree was made for the libellant, and no appeal was taken.(*a*)

(*a*) In the case of Butler *v.* Butler, an allowance was made to the wife, without objection by counsel, to enable her to defend a libel for divorce.